## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CORI A. WILSON,<br>             Appellant, | DOCKET NUMBER<br>DA-3443-17-013I-I-1 |
|      v. | |
| DEPARTMENT OF JUSTICE,<br>             Agency. | DATE: March 26, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James R. Hefflin</u>, Newport Beach, California, for the appellant.

<u>Cyntrena Cross-Peart</u>, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision that dismissed as untimely filed with no good cause shown, for lack of jurisdiction, and as barred by collateral estoppel, her refiled appeal in which she alleged that the agency failed to implement an order issued by the Equal Employment Opportunity Commission (EEOC) and that she was constructively discharged and subjected to reprisal, resulting in her involuntary retirement. For the reasons set

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

forth below, we DISMISS the appellant's petition for review as untimely filed with no good cause shown and DENY her request to reopen her appeal.

## BACKGROUND

In an April 14, 2017 initial decision based on the written record, *Wilson v. Department of Justice*, MSPB Docket No. DA-3443-17-0131-I-1, Initial Appeal File (IAF), Tab 18, Initial Decision (ID), the administrative judge considered the appellant's claims that the agency failed to implement an order issued by EEOC and that she was constructively discharged and subjected to reprisal, resulting in her involuntary retirement. The administrative judge found that the appellant's appeal was untimely filed with no good cause shown, ID at 2-6, that the Board lacks jurisdiction to review the actions of EEOC's Office of Federal Operations, ID at 6-7, and that the appeal is barred by the doctrine of collateral estoppel,[2] ID at 7-8. Accordingly, the administrative judge dismissed the appeal. ID at 2, 9. She notified the parties that the initial decision would become final on May 19, 2017, unless either party filed a petition for review by that date. ID at 9.

On July 10, 2018, the appellant filed a "Petition for Review, Request to Reopen." Petition for Review (PFR) File, Tab 1. The Clerk of the Board issued a

---

[2] The administrative judge found that the issue of whether the appellant's retirement was involuntary due to a constructive removal in reprisal for equal employment opportunity activity is identical to that involved in one of her previous appeals that was joined with another for adjudication. ID at 7-8. In an initial decision on those joined appeals, the administrative judge dismissed the alleged involuntary retirement appeal for lack of jurisdiction, after finding, inter alia, that the appellant failed to support her claim, *Wilson v. Department of Justice*, MSPB Docket Nos. DA-0752-11-0582-I-3, DA-0752-13-0038-B-1, Initial Decision at 2, 20, 10-15 (Feb. 28, 2014). The full Board denied the appellant's petition for review of that decision. *Wilson v. Department of Justice*, MSPB Docket Nos. DA-0752-11-0582-I-3, DA-0752-13-0038-B-1, Final Order (Feb. 27, 2015). ID at 7. The administrative judge here further found that the issue of the appellant's alleged involuntary retirement was actually litigated in the prior case because the Board thoroughly determined that it lacked jurisdiction, that the determination of the issue was necessary to the resulting judgment, and that the appellant had a full and fair opportunity to litigate the issue in the prior action. ID at 8. The administrative judge therefore found the appellant's current claim of constructive removal/involuntary retirement barred by collateral estoppel. *See Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016); ID at 8.

letter stating that the petition appeared to be untimely filed because it was not postmarked or received on or before May 19, 2017. PFR File, Tab 2 at 1. The Clerk of the Board afforded the appellant an opportunity to file a motion to accept the filing as timely and/or to waive the time limit for good cause, and stated that such a motion must be accompanied by a statement signed under penalty of perjury or an affidavit, postmarked, if mailed, or sent by facsimile, on or before July 26, 2018. *Id.* at 2. In response,[3] the appellant objected to the Board's order regarding timeliness, stating that she was relying "on the documents in her initial filing for the petition for review, and the record in this matter." PFR File, Tab 3. The agency urged that the appellant's petition for review be dismissed as untimely, PFR File, Tab 4, and the appellant replied in opposition to the agency's response, PFR File, Tab 5.

## ANALYSIS

The Board's regulations require that a petition for review be filed within 35 days after the date of issuance of the initial decision, or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The appellant does not indicate that she received the April 14, 2017 initial decision more than 5 days after it was issued. Therefore, as stated in the initial decision, the petition for review was due 35 days later, on May 19, 2017. ID at 9. Filed on July 10, 2018, the petition for review was more than 14 months late.

The Board will waive the filing deadline for a petition for review upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular

---

[3] Although the appellant's response was filed 1 day late, we have considered it.

circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limit or unavoidable casualty or misfortune that similarly shows a causal relationship to her ability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

As noted, the appellant's initial filing on review is a "petition for review/request to reopen" her appeal. PFR File, Tab 1 at 2. She has submitted a May 16, 2018 facsimile transmission to the Chief Administrative Judge (CAJ) of the Dallas Regional Office wherein the appellant stated that, as of that date, no actions had been taken on requests she made during adjudication below, specifically, for an investigation into the administrative judge's having improperly placed into the record two submissions she did not intend to be included in this record, and for the withdrawal of those documents.[4] *Id.* at 9. The appellant has also submitted the CAJ's response, advising her that the means to challenge the administrative judge's failure to rule on her motion regarding the two submissions is through a petition for review,[5] and referring her to the Board's Public Website under "Inspector General" for information regarding the Board's investigative function. *Id.* at 6. The appellant has also submitted the CAJ's response to her subsequent facsimile transmission in which she again questions the status of her request for an investigation, *id.* at 5, and the CAJ's explanation that the functions of the Board's administrative judges are not investigatory, *id.*

---

[4] Both submissions raise the issue of the appellant's alleged involuntary retirement. IAF, Tabs 10, 11.

[5] Contrary to the appellant's claim, the CAJ did not indicate or otherwise suggest that the initial decision was "flawed." PFR File, Tab 3 at 1, Tab 5 at 3, Tab 1 at 6.

at 4. Finally, the appellant has submitted her July 10, 2018 email to the Board's Office of Inspector General (OIG) regarding this matter, asking the OIG to review it. *Id.* at 10. In response to these submissions, the agency argued that the appellant's petition for review and request to reopen should be dismissed as untimely filed. PFR File, Tab 4. The appellant has replied, first complaining about the actions of the agency representative in other prior matters, PFR File, Tab 5 at 1-3, and urging that the two submissions that she filed during the proceeding below were intended to be new appeals but were never docketed as such. *Id.* at 3. In support of this claim, the appellant has provided a screen shot of the pleadings filed in this matter, showing the two submissions at issue described as "Appellant's Submission" and "Appellant's Submission 2." *Id.* at 13.

Upon consideration, we find that the appellant has failed to establish good cause for her untimely petition for review. First, the length of the filing delay, 14 months, is not minimal, but rather, considerable. In addition, she has been represented throughout these proceedings. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). To the extent she has attempted to explain her delay, any such explanation is unavailing. A number of the documents she has submitted on review are not new and/or are part of the record below. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980); *see, e.g.*, PFR File, Tab 1 at 7-8, Tab 5 at 6-12. Those that are not new are not material to the timeliness matter here at issue. The appellant's complaints regarding the processing of her appeal below, specifically, that the administrative judge improperly accepted into the record the two pleadings and/or allegedly failed to construe them as the appellant intended and that the administrative judge failed to respond to her request for an investigation into same, may have been raised in a timely filed petition for review, but they provide no basis for consideration under the present

circumstances, absent a reason for the lateness of the claims.[6] The appellant, however, has failed to proffer any such explanation. Her suggestion that her petition for review was timely because she filed it after she received responses to her inquiries from the CAJ, PFR File, Tab 5 at 4, lacks merit. Not only did she not timely bring the matter to the attention of the CAJ, but the information regarding the administrative judge's actions or inactions during adjudication was or could have been known to the appellant while her appeal was pending below.[7] The appellant's 14-month delay in bringing these matters to the full Board by filing a timely petition for review does not reflect due diligence or ordinary prudence. Nor does it constitute evidence of the existence of circumstances beyond the appellant's control that affected her ability to comply with the time limit or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file. *Miller v. Department of the Army*, 112 M.S.P.R. 689, ¶ 13 (2009).

## ORDER

Accordingly, we dismiss the petition for review as untimely filed with no good cause shown and exercise our discretion not to grant the appellant's request to reopen her appeal.[8] This is the final decision of the Merit Systems Protection Board on the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the implementation of EEOC's order and the appellant's alleged constructive discharge/involuntary retirement claim.

---

[6] Moreover, as we have noted, the two documents that form the basis of the appellant's complaints regarding the administrative judge's actions or inactions relate to the appellant's alleged involuntary retirement claim, a matter that has been adjudicated by the Board. As the administrative judge properly found, any such claim is barred by collateral estoppel. ID at 8.

[7] As an e-filer, the appellant's representative at all times had access to the e-Appeal Online repository. *Sofio*, 7 M.S.P.R. at 670; 5 C.F.R. § 1201.14(i).

[8] The Board has discretion to reopen a final decision only in unusual or extraordinary circumstances and generally within a short period of time after the decision becomes final. 5 C.F.R. § 1201.118.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.